**Shelly LACEY, Plaintiff–Appellant,**

v.

**John DALY, Defendant–Appellee.**

**Docket No. 01–7121.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2001.

John R. Williams, New Haven, CT, for
Appellant.

Marcia J. Gleeson, Sack, Spector & Kar-
sten, LLP, West Hartford, CT, for Appel-
lee.

Present CABRANES, STRAUB and
PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of
said District Court be and is AFFIRMED.

Shelley Lacey appeals from an order of
the District Court (Stefan R. Underhill,
*Judge*) granting summary judgment
against her on her 42 U.S.C. § 1983 mali-
cious prosecution claim against police offi-
cer John Daly. The District Court held
that, as a matter of law, Daly had probable
cause to arrest Lacey and that, in any
event, he was entitled to qualified immuni-
ty.

On appeal, Lacey contends that the Dis-
trict Court overlooked genuine issues of
material fact. We find no basis for rever-
sal and therefore affirm the judgment of
the District Court.

"To prevail on a claim of malicious
prosecution, four elements must be shown:
(1) the defendant initiated a prosecution
against plaintiff, (2) without probable cause
to believe the proceeding can succeed, (3)
the proceeding was begun with malice and,
(4) the matter terminated in plaintiff's fa-
vor." *Ricciuti v. New York City Transit
Auth.*, 124 F.3d 123, 130 (2d Cir.1997). In
this case, the District Court held that, as a
matter of law, the undisputed facts estab-
lished that the police officer had probable
cause to arrest Lacey.

"Probable cause is established
when the arresting officer has 'knowledge
or reasonably trustworthy information'
sufficient to warrant a person of reason-
able caution in the belief that an offense
has been committed by the person to be
arrested." *Singer v. Fulton Cty. Sheriff,*
63 F.3d 110, 119 (2d Cir.1995) (internal
quotation marks and citations omitted).
"An arresting officer advised of a crime by
a person who claims to be the victim, and
who has signed a complaint or information

charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Id.*

In this case, Sgt. Daly was advised of an alleged crime by a person who claimed to be the victim and who signed the complaint. In addition, he relied on the results of a handwriting analysis provided by the Connecticut State Police Forensic Science Laboratory. This information was sufficient to provide probable cause, unless Daly was aware of circumstances casting doubt on its reliability. *See Singer,* 63 F.3d at 119.

Lacey points to various circumstances she claims cast doubt on the complainant's veracity and the reliability of the handwriting analysis. For example, Lacey claims that the complainant had been harassing her and had, in fact, been directed to have no contact with her, and that the handwriting analysis was "worthless." Lacey's counsel conceded at oral argument before the District Court, however, that there is no evidence that Daly knew of these circumstances at the time he prepared the arrest warrant that forms the basis for Lacey's claim. Hearing Tr. dated Dec. 15, 2000, at 12. Accordingly, Lacey has failed to raise an issue of material fact with respect to the probable cause element of her malicious prosecution claim.

We have considered all of Lacey's other arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.